UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:17 CR 405 |
| Plaintiff, | ) | |
| vs. | ) | <u>ORDER</u> |
| RASHAAD M. THOMAS, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Request for Reduction of Sentence Under Section 3582 (c)(1)(A) and the First Step Act's Compassionate Release. (ECF # 281). The Federal Public Defender was appointed to review Mr. Thomas' request and has filed a Supplement to his Motion for Compassionate Release. (ECF #302). The Government filed a Response in Opposition, and Defense counsel filed a Reply in Support of the request. (ECF #305, 306, 310).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to

mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Thomas submitted evidence showing that he filed a request with the BOP on December 23, 2023, which was denied. The Government does not dispute that he has satisfied the exhaustion requirement. Therefore, the Court finds that the exhaustion requirement has been met and the motion should be addressed on its merits.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). United States Sentencing Guidelines policy statement §1BA.13(b) provides that the Defendant's medical condition can be considered extraordinary and compelling reason for relief under 18 U.S.C. §3582((c)(1)(A) when the defendant "is suffering from a terminal illness" or is suffering from a "serious physical or medical condition," from which they are not expected to recover, and " that substantially diminishes" their ability to "provide self-care within the environment of a correctional facility."

Mr. Thomas claims that in November of 2023 he suffered a seizure, which rendered him comatose and required several days of hospitalization. He further claims that when he first exhibited signs of the seizure, the prison staff mis-diagnosed him as suffering from a drug withdrawal and administered several doses of Narcan before transporting him to the hospital. Hospital records show that when he was admitted he was diagnosed with Class 3 severe obesity, acute encephalopathy,

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

hypoglycemia, acute respiratory failure with hypoxia, pneumonia of both lungs, and debility. His urine drug screen was negative for tested substances. The respiratory issues and hypoglycemia were resolved before he was discharged and he continued treatment for pneumonia, which has since resolved. He exhibited no epileptiform discharges or unusual EEG results when examined prior to his discharge from the hospital. He had a MRI, which was unremarkable.

There is no evidence that Mr. Thomas is suffering from a terminal illness, or from a condition from which he is not expected to recover and which "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." He was attended to quickly and appropriately when he had his episode. An ambulance was called immediately, prison staff attempted to treat him in case the seizure had been caused by a drug overdose, and he was treated and evaluated at an outside hospital. For nearly a week, he was monitored and underwent multiple tests and treatments while in the hospital, and his treatment continued upon his return to the prison facility. There is no indication that he has suffered any seizures since he was returned to the prison. Nor is there any evidence that he has been unable to care for himself within the facility. Mr. Thomas alleges that his ability to care for himself without help has diminished but does not provide any examples of events or circumstances that he has been unable to navigate within the facility. He has complained of headaches and neuropathy of his left arm and hand, and is being treated by a neurologist and through physical therapy for these conditions. He has had an appointment with an outside neurologist, has been prescribed medication that he refused, has received an alternate treatment, and is scheduled for a follow-up visit with the outside specialist. None of his medical conditions, alone or in combination, rise to the level of extraordinary and compelling reasons to reduce his sentence, at this time.

Further, the Defendant has not demonstrated that he is no longer a danger to the community as would be required under U.S.S.G. §1B1.13(2). Mr. Thomas plead guilty to possessing a controlled substance, specifically at least 5 kg but less than 15 kg of Methamphetamine, with intent to distribute in violation of 21 U.S.C. §841. He received an enhancement for his leadership role in the drug distribution conspiracy, and was sentenced to 170 months imprisonment. He has a significant and serious criminal history involving drugs, gun possession and discharge, and violence causing bodily harm. He has been undeterred by prior terms of incarcerations. While in prison he has taken classes toward his GED and has taken other offered coursework. Although he has taken some steps toward rehabilitation, he has also been disciplined for multiple infractions. Two instances were as recent as 2023 and include assault and possession of drugs/alcohol. Based on these circumstances, the Court finds that Mr. Thomas remains a danger to society and should not be considered for early release. Further, for all the reasons considered at his original sentencing, and taking into consideration his post-conviction record of infractions within the prison, early release would not be supported by the factors set forth in 18 U.S.C. §3553(a).

The Court finds that the Defendant has failed to provide the Court with any evidence at this time that would support a finding of extraordinary and compelling reasons for early release, or that would show that he is no longer a danger to the community. For these reasons, the Defendant's Request for Reduction of Sentence Under Section 3582 (c)(1)(A) and the First Step Act's Compassionate Release is DENIED. (ECF #281). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: August 15, 2024